J-S04022-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FELIPE VEGA, JR., | |
| Appellant | No. 293 MDA 2014 |

Appeal from the PCRA Order entered January 27, 2014,
in the Court of Common Pleas of Dauphin County,
Criminal Division, at No(s): CP-22-CR-0000340-2007

BEFORE:  BOWES, ALLEN, and STRASSBURGER*, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED FEBRUARY 09, 2015**

Felipe Vega, Jr., ("Appellant") appeals from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. sections 9541-46.  We affirm.

The pertinent facts are as follows:

> A jury found Appellant and his co-defendant/cousin, Carlos Lopez-Malave, guilty of second degree murder, robbery, conspiracy to commit robbery, burglary, and conspiracy to commit burglary in connection with the home invasion, robbery and fatal shooting of Cung Duong, the owner of a Harrisburg pool hall and a well[-]known bookie in the Harrisburg Asian community.  Three other co-conspirators were charged with the murder, and entered guilty pleas.  As part of their plea agreements, they testified against [Appellant and his co-defendant] at trial.  [The testifying co-conspirators included Ronald Whitstyne, Angel Luis Rivera-Figueroa, and Quong Luong.  A sixth co-conspirator, Lebron Johnson, did not testify.]  The jury was

*Retired Senior Judge assigned to the Superior Court.

informed of the plea agreements and the bargains the co-conspirators made in exchange for specifically defined sentences. After his conviction, Appellant was sentenced to life imprisonment for the murder conviction and concurrent terms of imprisonment for the remaining charges. Appellant did not file post-sentence motions.

*Commonwealth v. Vega*, 981 A.2d 937 (Pa. Super. 2009), unpublished memorandum at 1-2 (footnote omitted).

Appellant filed a timely appeal to this Court in which he raised the following claims of trial court error: 1) admission of a photo array, which included a photograph of him bearing the notation, "Harrisburg Police Department;" 2) the improper limitation of defense counsel's cross-examination of a co-conspirator who testified for the Commonwealth, as well as disparaging remarks made by the trial court regarding defense counsel's prior cross-examination; and 3) allowing the jury to view an x-ray of the victim, showing a severe facture he received as a result of having been shot in the leg. *See id.*, unpublished memorandum at 2. Concluding that these claims were waived or otherwise meritless, on July 29, 2009, we affirmed Appellant's judgment of sentence. *Id.* On March 10, 2010, our Supreme Court denied Appellant's petition for allowance of appeal.

Appellant filed a *pro se* PCRA petition on March 14, 2011, and the PCRA court appointed counsel. However, Appellant later hired private counsel ("PCRA counsel") who replaced court-appointed counsel. Thereafter, PCRA counsel filed a supplemental PCRA petition, and the Commonwealth filed an answer to the petitions. Following the grant of several continuances,

the PCRA court held an evidentiary hearing on August 3, 2012. Both the prosecutor who tried the case for the Commonwealth and Appellant's trial counsel testified. At the conclusion of the hearing, the PCRA court directed the parties to file supporting briefs. By order entered January 27, 2014, the PCRA court denied Appellant's petition. This timely appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant raises the following issues:

I. Did the PCRA court err when it dismissed [Appellant's PCRA] Petition because the prosecution withheld material evidence, Ronald Whitstyne's criminal history, in violation of Appellant's state and federal constitutional rights to due process?

II. Did the PCRA court err when it dismissed [Appellant's PCRA] Petition because trial counsel ineffectively prepared for trial by failing to obtain Ronald Whitstyne's criminal history?

Appellant's Brief at 3.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Halley*, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support in either the

record or from other evidence. ***Commonwealth v. Jordan***, 772 A.2d 1011, 1104 (Pa. Super. 2001).

To be eligible for post-conviction relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated errors or defects in 42 Pa.C.S.A. section 9543(a)(2), and that the issues he raises have not been previously litigated. ***Commonwealth v. Koehler***, 36 A.3d 121, 131 (Pa. 2012). An issue has been "previously litigated" if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue, or if the issue has been raised and decided in a proceeding collaterally attacking the conviction or sentence." ***Koehler***, 36 A.3d at 131-132; 42 Pa.C.S.A. § 9544(a)(2). If a claim has not been previously litigated, the petitioner must prove that the issue was not waived. An issue will be deemed waived under the PCRA "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal, or in a prior state post[-]conviction proceeding." ***Id.*** at 132; 42 Pa.C.S.A. § 9544(b).

In his first issue, Appellant contends that he is entitled to post-conviction relief because the Commonwealth committed a violation of ***Brady v. Maryland***, 373 U.S. 83 (1963), in that it failed to disclose, prior to trial, Ronald Whitstyne's complete criminal history, which included two *crimen falsi* convictions.

This Court recently summarized:

> In the landmark case of [**Brady**, **supra**], the United States Supreme Court held that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. The **Brady** rule is not limited exclusively to directly exculpatory evidence. Because the reliability of a witness may ultimately affect a finding of guilt or innocence, the **Brady** mandate also encompasses impeachment evidence. Thus, the Supreme Court of the United States held that []there are three components of a true **Brady** violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willingly or inadvertently; and prejudice must have ensued.

*Commonwealth v. Feese*, 79 A.3d 1101, 1106 (Pa. Super. 2013) (citations omitted).

Appellant failed to raise an alleged **Brady** violation in his direct appeal. Thus, his claim is waived under the PCRA. **Koehler**, **supra**.[1] Absent waiver, our review of the record supports the trial court's conclusion that

---

[1] Appellant's co-defendant did raise a **Brady** violation as an issue in his appeal. We agreed with the trial court that Lopez-Malave failed to meet his burden of proof because he "failed to show that there was a reasonable probability that the outcome of trial would have been different with the proffered impeachment evidence," and that Lopez-Malave "was not prejudiced because there was other inculpatory evidence presented at trial." *Commonwealth v. Lopez-Malave*, 4 A.3d 695 (Pa. Super. 2010), unpublished memorandum at 7. As discussed *supra*, the PCRA court reached the same conclusion regarding the merits of Appellant's post-conviction claim.

Appellant did not meet his burden of proof with regard to his claim. The trial court explained:

> [Appellant] clearly fails to prove the third element of a **_Brady_** violation, which is that he was prejudiced by the concealment or suppression.
>
> ***
>
> The jury in this case heard Ronald Whitstyne testify that as part of his plea agreement, he agreed to plead guilty to third degree murder, robbery, and criminal conspiracy to commit robbery and to testify against the co-defendants in exchange for a sentence of five to ten years. Furthermore, the jury was specifically warned during closing instructions that the testimony of the three accomplices – Whitstyne, Rivera-Figueroa and Luong – offered against their co-conspirators should be viewed with disfavor. The jury was instructed, among other things, that accomplices often testify falsely in the hopes of obtaining favorable treatment and that as such, their testimony can be considered to derive from a corrupt or polluted source. The jury was thus apprised of both Whitstyne's dubious character including that he had been convicted in this incident of third degree murder, robbery (a _crimen falsi_ crime) and criminal conspiracy to commit robbery, and that Whitstyne had a strong motive to testify falsely. It is highly unlikely under these circumstances that evidence of an additional _crimen falsi_ crime and corresponding _crimen falsi_ instruction would have tipped the scales such that the jury would have discredited Whitstyne's testimony in its entirety.
>
> Furthermore, Whitstyne's testimony was not the only evidence produced against [Appellant]. Whitstyne's testimony was essentially cumulative to that of Rivera-Figueroa, each offered testimony concerning [Appellant's] participation in the home invasion, robbery and shooting that was identical to the other's in all substantive aspects. Quong Luong's testimony further supported each of their versions wherein he identified in detail [Appellant's] lengthy interest in robbing Cung Duong including casing the victim's property, obtaining specific information as to

Duong's habits and purchasing walkie talkies, one of which was retrieved from the crime scene. Other evidence clearly implicated [Appellant's] involvement in the crimes, independent of Whitstyne's testimony, including that [Appellant] drove the wounded Rivera-Figueroa in the black SUV to the hospital within minutes of the shootings, as revealed on surveillance tapes, and that a phone number [Appellant] was known to use was in constant contact with numerous other telephone numbers used by the other perpetrators of the crimes. In light of this additional evidence, [Appellant] did not meet his burden of showing that he was prejudiced by the failure of the Commonwealth to provide the 2003 *crimen falsi* evidence.

PCRA Court Opinion, 1/27/14, at 11-13 (citation and footnotes omitted).[2]

Our review of the record and pertinent case law involving alleged ***Brady*** violations supports the PCRA court's conclusions. Thus, even if not waived under the PCRA, Appellant's first issue would not entitle him to relief.

In his remaining issue, Appellant asserts that trial counsel was ineffective because he "failed to search for, obtain, and use Whitstyne's [*crimen falsi*] convictions as impeachment evidence." Appellant's Brief at 9. According to Appellant: "[Trial counsel] testified at Appellant's PCRA hearing that he could have used those convictions as impeachment evidence and the evidence absolutely may have changed the outcome of the trial." ***Id.***

_____

[2] Although within his brief Appellant also refers to a 2002 retail theft conviction, the PCRA court found as fact that this record was provided to Appellant's trial counsel. PCRA Court Opinion, 1/27/14, at 8. Additionally, the PCRA court concluded that the language it provided to the jury regarding accomplice testimony (corrupt source) "is considerably stronger regarding the potential of a witness-accomplice to be untruthful than the language in a *crimen falsi* instruction, if one had been provided." ***Id.*** at 12, n.8.

To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.* This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. *Id.* at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* Counsel cannot be deemed ineffective for failing to pursue a meritless claim. *Commonwealth v. Loner*, 836 A.2d 125, 132 (Pa. Super. 2003).

In assessing a claim of ineffectiveness, when it is clear that appellant has failed to meet the prejudice prong, the court may dispose of the claim on that basis alone, without a determination of whether the first two prongs have been met. *Commonwealth v. Travaglia*, 661 A.2d 352, 357 (Pa. 1995). Counsel will not be deemed ineffective if any reasonable basis exists for counsel's actions. *Commonwealth v. Douglas*, 645 A.2d 226, 231 (Pa.

1994). Even if counsel had no reasonable basis for the course of conduct pursued, however, an appellant is not entitled to relief if he fails to demonstrate the requisite prejudice which is necessary under Pennsylvania's ineffectiveness standard. **Douglas**, 645 A.2d at 232. Counsel cannot be deemed ineffective for failing to pursue a meritless claim. **Commonwealth v. Loner**, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*), *appeal denied*, 852 A.2d 311 (Pa. 2004).

Moreover, trial counsel's strategic decisions cannot be the subject of a finding of ineffectiveness if the decision to follow a particular course of action was reasonably based, and was not the result of sloth or ignorance of available alternatives. **Commonwealth v. Collins**, 545 A.2d 882, 886 (Pa. 1988) (cited with approval by **Commonwealth v. Hall**, 701 A.2d 190, 204 (Pa. 1997)). Counsel's approach must be "so unreasonable that no competent lawyer would have chosen it." **Commonwealth v. Ervin**, 766 A.2d 859, 862-63 (Pa. Super. 2000) (quoting **Commonwealth v. Miller**, 431 A.2d 233, 234 (Pa. 1981). Our Supreme Court has defined "reasonableness" as follows:

> Our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable* basis designed to effectuate his client's interests. The test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decision had any reasonable basis.

*Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987) (quoting *Com. ex rel. Washington v. Maroney*, 235 A.2d 349, 352-53 (Pa. 1967)). *See also Commonwealth v. Clark*, 626 A.2d 154, 157 (Pa. 1993) (explaining that a defendant asserting ineffectiveness based upon trial strategy must demonstrate that the "alternatives not chosen offered a potential for success substantially greater than the tactics utilized"). A defendant is not entitled to appellate relief simply because a chosen strategy is unsuccessful. *Commonwealth v. Buksa*, 655 A.2d 576, 582 (Pa. Super. 1995).

The PCRA court found that trial counsel provided effective assistance to Appellant and reasoned:

> With regard to [trial] counsel's alleged ineffectiveness for failing to present the 2002 retail theft conviction, counsel agreed that he had been apprised prior to trial of that conviction in documents supplied to him by the Commonwealth. He testified that this evidence was admissible as *crimen falsi* and could have been used to impeach Whitstyne but that he chose not to use it. [Trial counsel's] failure to so impeach Whitstyne is thus a claim of arguable merit under the PCRA.
>
> This court finds, however, under the second prong of the ineffective assistance of counsel test, that trial counsel's decision not to impeach Whitstyne on the summary retail theft was based upon a reasonable trial strategy. [Trial counsel] explained that he chose not to offer it as impeachment because he did not think the retail theft conviction "would make that much of a difference" since it was a summary violation and because he believed he had more powerful impeachment evidence. Specifically, [trial counsel] believed there was significant impeachment evidence based upon Whitstyne's role as a co-conspirator who agreed to testify for the Commonwealth in return for a lenient sentence and that

this impeachment evidence was in fact conveyed to the jury. Indeed, Whitstyne testified at trial that under his plea deal he would be getting a "large break" and avoiding a "murder rap." As noted above, [the trial court] instructed the jury it could disfavor Whitstyne's testimony as it came from a corrupt or polluted source. Since these reasons reveal reasonable trial strategy, [Appellant] is not entitled to PCRA relief under this claim.

Furthermore, even assuming this was not a reasonable strategy, [Appellant's] claim fails because [trial] counsel's failure to present the 2002 retail theft conviction as impeachment evidence caused him no prejudice. In order to show prejudice on an ineffective assistance of counsel claim, [Appellant] must prove that but for counsel's omission there is a reasonable probability that the outcome of the proceedings would have been different. This is the same prejudice standard [Appellant] failed to meet in attempting to prove a ***Brady*** violation. As discussed above in detail, the omission of relatively minor impeachment evidence against Commonwealth witness Whitstyne could not have altered the verdict in this case whereby Whitstyne's testimony was cumulative and otherwise corroborated by other witnesses, where evidence independent of Whitstyne's testimony implicated [Appellant's] involvement in the crimes, and where powerful impeachment evidence was offered against Whitstyne at trial concerning his role as an accomplice-turned-state's-witness.

[Appellant] also argues that trial counsel was ineffective for failing to obtain the 2003 unsworn falsification conviction information and present it to impeach Whitstyne. This claim lacks arguable merit since trial counsel made reasonable efforts to obtain all of Whitstyne's prior criminal history record. [Trial counsel] specifically requested Whitstyne's prior criminal history record from the Commonwealth and duly received the NCIC report indicating that history. The credible evidence presented, which was offered both by the prosecutor and [trial counsel], was that the NCIC reports were routinely employed by attorneys within the criminal justice system as the best and most inclusive source of prior criminal records. [Trial counsel] thus reasonably relied upon the criminal records provided him by the Commonwealth and

was not further obligated to make any additional searches, including within the CPCMS.

Again, even assuming [trial counsel] should have discovered the 2003 unsworn falsification conviction evidence and further assuming counsel could offer no reasonable basis for failing to impeach Whitstyne upon it, [Appellant] cannot satisfy the prejudice prong of his ineffectiveness claim. [The PCRA court] addressed and dismissed this exact prejudice claim under the *Brady* analysis and adopt that reasoning here.

PCRA Court Opinion, 1/27/14, at 14-15 (citations omitted).

Again, our review of the record supports the PCRA court's conclusions. Both Appellant's alleged *Brady* violation and ineffectiveness claim fail because, given the other evidence presented by the Commonwealth at trial, Appellant cannot establish prejudice. Additionally, we note that when, as here, the trial court's credibility determinations are supported by the record, they cannot be disturbed on appeal. *See Commonwealth v. Battle*, 883 A.2d 641, 648 (Pa. Super. 2005) (explaining that credibility determinations are solely within the province of the PCRA court). Thus, because Appellant cannot establish the requisite prejudice, his claim of trial counsel's ineffectiveness fails. *Travaglia*, *supra*.

For the above reasons, we affirm the PCRA court's order denying Appellant's PCRA petition.

PCRA Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/9/2015